## ROBINSON v. HONSTAIN et al.

### (Circuit Court, D. Minnesota, Fourth Division. April 8, 1897.)

### No. 363.

SECURITY FOR COSTS.

Rule No. 77 of the circuit court for the district of Minnesota, providing that in every case "the plaintiff shall give security for costs," requires merely the giving of security for the clerk's costs, and not security for the benefit of defendants.

This is a suit in equity brought by Dighton A. Robinson against George T. Honstain and Arthur E. Honstain. Upon motion to require complainant to give security for costs for the benefit of defendants.

A. C. Paul, for plaintiff.

P. H. Gunckel, for defendants.

LOCHREN, District Judge. The defendants in this case move for an order requiring the plaintiff to give security for costs for the benefit of the defendants, and base their motion upon rule No. 77 of this court, recently formulated, as follows:

"Ordered: That rules numbered 72 and 77 be and the same hereby are repealed and abrogated, and that the following be and the same hereby is adopted as a rule of the United States circuit court for the district of Minnesota, numbered 77, to wit:

"Ordered: That before any case, either at law or equity, is commenced in this court, or before any papers in any case removed by the plaintiff or defendant from a state court are filed by the clerk, the plaintiff shall give security for costs. That besides the security for costs now required to be given at the commencement of an action at law or a suit in equity by the plaintiff therein, the clerk may require the party commencing such action or suit, or removing a cause into this court from a state court, and before docketing the same or issuing process therein, to deposit with the clerk $10.00 to cover the clerk's costs which may be paid by him in the prosecution of the cause; and if said deposit shall at any time be exhausted by the party making the same, the clerk may from time to time require such party to deposit a further sum of $5.00. When the defendant in any action or suit in this court, or the party against whom such suit or action had been removed into the same, or any other party who is or seeks to become a party to any such action or suit enters his appearance or files any paper therein, the clerk may require of him to deposit $5.00 to cover the costs of clerk which may be made by him, and whenever the said sum is exhausted the clerk may require the same to be renewed. Upon the determination of a cause, any sums deposited as aforesaid, and remaining in the hands of the clerk not applicable to the clerk's costs, of the party making the deposit, shall be returned by him to the party who made such deposit. The terms plaintiff, defendant and party as above used shall be taken as meaning all of the parties plaintiff when there are several, and all of the parties defendant when there are several; but if the interests of several parties on one side are separate and diverse a special order regulating the deposit to be made by them shall be made by the court.

"Dated St. Paul, March 3rd, 1897.

"Walter H. Sanborn, Circuit Judge."

The contention of the defendants is that under the terms of the first clause of this new rule, requiring that before a case is commenced, or any papers filed, "the plaintiff shall give security for costs," the plaintiff must give such security for the benefit and protection of

the defendant. Notwithstanding the generality of the language last quoted, which gives color to such contention, the difficulty is that, if such interpretation be allowed, the rule would be nugatory or defective in that respect, in that it does not indicate what security shall be given to the defendant, either as to the amount or form. It clearly does not contemplate that it is a matter to be settled by the court on motion in every case, as it is required to be given before the case is begun or a paper filed. The only allowable construction is that·these general words are limited, in their interpretation and scope, to the special provisions which follow in respect to the giving of security, by deposits of money, for the clerk's costs. The former rules 72 and 77, which were abrogated and replaced by this new rule, related entirely to the payment and security of costs and fees of the clerk; and the subject-matter of such new rule is evidently the same, and not other. The motion is therefore denied.